IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REED TIMMER,<br><br>Plaintiff,<br><br>v.<br><br>MARQUEE BROADCASTING, INC.,<br><br>Defendant. | Case No: 8:25-cv-00920-DLB |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Reed Timmer ("*Plaintiff*"), by and through his undersigned counsel, submits the following Memorandum of Law in Opposition to Defendant's Motion to Dismiss, and states as follows:

**I.      INTRODUCTION**

This action involves the willful infringement of Plaintiff's copyright protected work by defendant Marquee Broadcasting, Inc. ("*Defendant*"). Specifically, without Plaintiff's authorization, as alleged in the Complaint, Defendant displayed Plaintiff's copyright-protected video of a tornado in Newton, Georgia (the "*Video*") on its social media account with the name "CBS 44 News South Georgia" (the "*Account*").

Defendant's motion to dismiss must be denied for a variety of reasons, not the least of which is that is procedurally improper. As will be set forth more fully herein, Defendant filed an Answer to the Complaint. Insofar as a motion made pursuant to Fed. R. Civ. Pro. 12(b) must be made before a responsive pleading is filed, the instant motion should be a nullity and should be denied on this ground alone.

1

Even if the Court were to excuse this procedural defect, which Plaintiff submits it should not, the motion must be denied because the motion is based on the contention that the factual averments of the Complaint can be disproven. As Defendant should be aware, a Rule 12(b) motion is not the proper vehicle through which to bring a factual challenge to a pleading. Indeed, the existence of questions of fact is the quintessential reason for denying a Rule 12(b)(6) motion.

Of greater importance, however, is that Defendant's motion obfuscates the facts, if it does not actually misrepresent them, in several respects. More specifically, Defendant's motion argues that the Complaint should be dismissed because the tagline of the infringing Facebook post references a television station, CBS 44, in Atlanta, Georgia. Defendant's motion avers that it does not operate or control CBS 44 in Atlanta, Georgia and, therefore, the Complaint should be dismissed. In support, Defendant asks this Court to take judicial notice of a document that purports to be an FCC listing showing that Defendant does not own or operate CBS 44 in Atlanta, Georgia.

Defendant's argument in this regard is irrelevant insofar as Plaintiff does not complain that his copyright protected work was infringed through a broadcast on CBS 44 in Atlanta, Georgia. Instead, the Complaint alleges that the infringement occurred on a Facebook page that is owned and operated by Defendant. While Defendant similarly disclaims ownership of the Facebook page and/or responsibility for the content featured thereon, the Complaint states otherwise. In other words, the issue of ownership and/or operation of the Facebook page is a question of fact that cannot be resolved in the context of a Rule 12(b)(6) motion.

In light of the above, it is respectfully submitted that Defendant's motion should at the very least be denied without prejudice to renew in proper form, if it is not denied on the merits because it raises questions of fact that are not ripe for adjudication at the pleading stage.

## II. ARGUMENT

### A. DEFENDANT'S MOTION IS PROCEDURALLY DEFECTIVE

As an initial matter, Defendant's motion must be denied insofar as "motions made under Rule 12(b) <u>must</u> be made <u>before pleading</u> if a responsive pleading is allowed." *Trice v. Oliveri & Assocs., LLC*, No. CV GLR-19-3272, 2022 WL 36451, at *4 (D. Md. Jan. 4, 2022) (emphasis in original) (internal quotation marks omitted). Here, Defendant filed the instant motion but also filed an Answer. *Dkt. No.* 8. Therefore, the motion is procedurally improper.

### B. DEFENDANT'S MOTION SHOULD BE DENIED ON THE MERITS

Under Fed. R. Civ. P. Rule 12(b)(6), a complaint is subject to dismissal only where it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he claims must be construed in the light most favorable to the non-moving party and its allegations taken as true." *Martin Marietta Corp. v. Int'l Telecommunications Satellite Org.,* 991 F.2d 94, 97 (4th Cir. 1992).

It is well-established within the Fourth Circuit that where a defendant "moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the documents attached or incorporated into the complaint." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (citing *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)) (internal quotation marks omitted). In addition to the pleading itself, the Fourth Circuit has recognized that "[i]n reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia,* 385 F.3d 421, 424 (4th Cir. 2004)).

Here, the entirety of Defendant's Motion relies upon the contention that Defendant has no affiliation with CBS 44 in Atlanta, Georgia. This argument should fail insofar as it relies on the

*ipse dixit* of counsel in the moving brief alone, rather than on a declaration from a person with knowledge of the facts (the submission of which would nonetheless go beyond the scope of review on a Rule 12(b)(6) motion).

In an effort to overcome this failure, Defendant has annexed a single FCC filing which it purports to show that it does not operate CBS 44 in Atlanta, Georgia, and asks the Court to take judicial notice of same. Defendant's request should be denied insofar as the referenced exhibit does not identify Defendant, is not independently establishable/reproduceable, nor is it the type of document for which this Court would normally take judicial notice.

In addition to the foregoing, Defendant's argument is a canard insofar as the Complaint does not allege that CBS 44 in Atlanta, Georgia infringed his copyright, but that Defendant infringed Plaintiff's copyright when it posted his content to its Facebook page. Although Defendant disclaims responsibility for the content posted to the subject Facebook page, this argument is again supported only by the *ipse dixit* of counsel, and Defendant has offered no documentation to support this argument (setting aside that such documents could not be considered in the context of a Rule 12(b)(6) motion). Indeed, as the Fourth Circuit has held., "a motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). This test is satisfied where the allegations constitute "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* That test is satisfied here.

In addition to the foregoing, it is relevant to note that Defendant's disclaimers are contradicted by the following, which demonstrates that Defendant *is* the owner and controller of the Account:

- A pdf print-out of the subject Account, where the infringement was displayed, includes a direct link to its website at URL: southgatv.com (the "*Website*") [*a true and correct copy of the Account pdf print-out is annexed hereto as Exhibit 1*]; and

- A pdf print-out of the Account's Website, which displays "Marquee Broadcasting, Inc." at the bottom of the Website, and refers to Marquee Broadcasting as "our owners" explaining that Marquee Broadcasting "has invested heavily in stations it has acquired in Salisbury, MD; Atlanta; Bowling Green, KY; and now both of our stations in the Albany market." [*a true and correct copy of the Website pdf is annexed hereto as Exhibit 2*].[1]

As such, the facts and allegations are clearly sufficient to show that Account on which the subject infringement was displayed on is owned by Defendant Marquee Broadcasting, Inc.

As a matter of law, the Court must accept the allegations set forth in the Complaint as true and afford all inferences in Plaintiff's favor. *Martin Marietta Corp.,* 991 F.2d at 97. Defendant's Motion does not attack the Plaintiff's well-pled complaint but, rather, solely asserts that the Defendant is not the proper party to be named in this action. Defendant's arguments concerning its ownership and/or operation of the Account and affiliation with CBS 44 raise disputed questions of material fact, but they do not test the sufficiency of the pleading itself. Defendant's denial of responsibility via self-serving conclusory statements and reliance upon a single FCC report does not test the sufficiency of Plaintiff's Complaint and should not be adjudicated as a Rule 12(b)(6) motion to dismiss for failure to state a claim. See *J & J Sports Prods. Inc. v. Latin Am. Club*, No. 7:11-CV-3060-HMH-JDA, 2012 WL 1593977, at *3 (D.S.C. Apr. 12, 2012), *report and recommendation adopted,* No. CA 7:11-3060-HMH-JDA, 2012 WL 1594211 (D.S.C. May 7, 2012) (denying the defendant's Rule 12(b)(6) motion to dismiss where the defendant denied being the owner and/or operator of the subject business, finding that the public records submitted with the plaintiff's opposition showed that the defendant was more than a mere owner of the building

---

[1] Plaintiff does not ask the Court to take judicial notice of these documents for the truth of the matters asserted, but, merely to show that there is a colorable basis for the factual allegations of the Complaint.

where the subject business was located and as such, he was correctly named as a defendant, resulting in a determination that plaintiff had pled sufficient facts to state a claim against defendant.).

Here, Plaintiff has pled sufficient facts to state a cause of action against Defendant, *i.e.* that Defendant is the owner and/or controller of the Account and is responsible for the content displayed thereon [*see* Complaint at ECF No. 1, ¶¶ 4 & 20]. Where, as is the case here, the allegations in the Complaint are taken as true, coupled with the aforementioned information relating to Defendant and its ownership of the Account, it is respectfully requested that if the Court does not find that Defendant's motion must be denied as being procedurally improper, it should nonetheless be denied insofar as the motion only serves to highlight questions of fact that cannot be resolved at the pleading stage.

### C. DEFENDANT'S SUBSIDIARY IS THE OWNER AND OPERATOR OF CBS 44

Finally, while irrelevant to its determination, the motion clearly seeks to obscure the facts of this case, if it does not affirmatively misrepresent them. More specifically, while the motion seeks to disclaim any affiliation on the part of Defendant with WSWG - CBS 44 in Atlanta, Georgia, that argument is belied by Defendant's corporate disclosure statement. As the Court can see, Defendant's corporate disclosure statement states that it is affiliated with Marquee Broadcasting Georgia. Inc. *Dkt. No.* 9. In documents that are subject to judicial notice, attached as <u>Exhibit 3</u> please find the FCC license renewal for WSWG which per the license is owned by Marquee Broadcasting Georgia, Inc., as <u>Exhibit 4</u> the FCC ownership disclosure filing for Marquee Broadcasting, Inc. which shows it owns Marquee Broadcasting Georgia, and as <u>Exhibit 5</u> the FCC public inspection file for WSWG.

These documents establish that it is therefore beyond cavil that Defendant, despite its representations to the contrary, is affiliated with CBS 44. What question remains is whether

Defendant directly owns and operates the Facebook Account, as is indicated on Facebook by its reference to the southgatv.com website which itself says it is operated by Defendant, or whether it operates this Account through its subsidiary Marquee Broadcasting Georgia, Inc.  Should it be the later, Plaintiff will seek to amend the Complaint to name the subsidiary directly. Should it be the former, as the evidence presently indicates, then Defendant has been correctly named and is responsible for this matter. What is clear, however, is that the motion which seeks to summarily resolve this matter despite the well-pled and supported allegations in the Complaint based on what facially appears to be a material misrepresentation of no affiliation with the television station or the Account must be denied.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety.

Dated: May 22, 2025

Respectfully submitted,

**SANDERS LAW GROUP**

By:  */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 129573
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 22nd day of May, 2025, a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss was served via the Court's CM/ECF system on all counsel of record.

              */s/ Craig B. Sanders*
              Craig B. Sanders, Esq.