IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REED TIMMER,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civ. No. DLB-25-920 |
| **MARQUEE BROADCASTING, INC.,** | * | |
| **Defendant.** | * | |

## MEMORANDUM OPINION

Reed Timmer claims Marquee Broadcasting, Inc. ("Marquee") engaged in copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*. Timmer seeks damages and disgorgement of Marquee's profits attributable to the alleged infringement or, in the alternative, an award for statutory damages for each alleged infringement. Timmer also seeks an order enjoining Marquee from any infringing use of any of Timmer's works. Pending before the Court is Marquee's motion to dismiss. ECF 7. The motion is fully briefed. ECF 10, 13. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, the motion to dismiss is denied.

**I.      Background**

The following allegations are from Timmer's complaint.

Timmer is a professional videographer who created a video of a tornado in Newton, Georgia, intending for it to be used commercially. ECF 1, ¶¶ 2, 11, 18. Timmer "personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment" to make the video. *Id.* ¶ 16. Timmer first published the video on June 14, 2023. *Id.* ¶ 15. On July 18, 2023, the United States Copyright Office ("USCO") registered the video under Registration No. PA 2-427-705. *Id.* ¶ 17.

Timmer alleges that Marquee, a broadcasting company, owns and operates a Facebook account named "CBS 44 News South Georgia." *Id.* ¶ 4. According to Timmer, on or about June 14, 2023, Marquee "copied and displayed" the video in a post on its Facebook account without Timmer's permission or authorization. *Id.* ¶ 27. Timmer alleges that Marquee also appears to have broadcast the video on its Georgia television station without authorization. *Id.* ¶ 28.

Timmer alleges Marquee's copying and display of the video is "willful copyright infringement" in violation of the Copyright Act. *Id.* ¶ 54. As relief, Timmer seeks damages and disgorgement of Marquee's profits attributable to the alleged infringement or, in the alternative, an award for statutory damages against Marquee for each alleged infringement. *Id.* ¶ 56. Timmer also seeks an order from the Court enjoining Marquee from any infringing use of any of Timmer's works. *Id.* at 7.

**II.     Standard of Review**

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus*

*Christ Is the Answer Ministries, Inc. v. Baltimore Cnty.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

### III.   Motion to Dismiss

Marquee moves to dismiss on the sole ground that it does not own, operate, or control any television stations in Georgia and that the Facebook account belongs to a separately owned, CBS-affiliated television station in Albany, Georgia. ECF 7, at 2–3.[1] In support of its motion to dismiss, Marquee submitted a document that Marquee claims "lists those television stations that are licensed by the FCC to be operated by the Defendant." *Id.* at 3. The document appears to be a

---

[1] The day after filing the motion to dismiss, Marquee filed an answer to the complaint. ECF 8.

screenshot of an FCC webpage titled "Licensing and Management System." *Id.* at 6. Marquee argues the document shows it "does not own or operate a station in Albany, GA." *Id.* at 3.[2]

For his part, Timmer submitted evidence in support of his opposition to the motion that Timmer claims shows Marquee does own the Facebook page and does operate stations in Georgia. *See* ECF 10-2 (screenshot of Facebook account description stating "Marquee Broadcasting" are "our owners"); ECF 10-3 (Marquee's renewal of license authorization in Georgia); ECF 10-4 (FCC ownership disclosure filing showing "Marquee Broadcasting Georgia" as an "FCC Regulated Business" of filer Marquee).

When deciding a motion to dismiss, a court typically may not consider evidence outside the pleadings and, if it does, it must convert the motion to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). A document is "integral to the complaint" "where the complaint relies heavily upon its terms and effect." *Id.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

Timmer argues that Marquee's motion must be denied because Marquee's sole argument for dismissal—that Timmer sued the wrong company—would require the Court to consider a document that is not attached to, referenced in, or integral to the complaint. Marquee acknowledges that the document it attached to its motion to dismiss is not referenced in Timmer's complaint.

---

[2] Because Marquee provided only a screenshot of a webpage rather than a link to a webpage, the Court is unable to determine what the document represents. The header seems to indicate it displays "facility IDs associated with this FRN," ECF 7 at 6, but Marquee does not explain what that means.

Marquee argues that the facts in the document are "integral" to the determination of whether Timmer has stated a claim against Marquee. ECF 7, at 3. Marquee misunderstands the law.

A document is "integral to the complaint" "where the complaint relies heavily upon its terms and effect." *Goines*, 822 F.3d at 166 (quoting *Chambers*, 282 F.3d at 153). A complaint "relies heavily" upon a document when the claims in the complaint "turn on," or are "otherwise based on, statements contained in" the document. *Id.* For instance, in *Decoster v. Becerra*, the Fourth Circuit concluded that a performance plan attached to the motion to dismiss was integral to a Title VII employment discrimination complaint because the complaint "specifically reference[d]" the performance plan. 119 F.4th 332, 336 n.1 (4th Cir. 2024). In *American Chiropractic Association v. Trigon Healthcare, Inc.*, a chiropractic association alleging an insurance company was involved in an anticompetitive conspiracy against chiropractors brought several claims against the company, including mail fraud and wire fraud in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. 367 F.3d 212, 217, 233 (4th Cir. 2004). The Fourth Circuit determined that a provider agreement submitted by the insurance company in support of its motion to dismiss was integral to the complaint because the association "explicitly referred" to the agreement in its complaint and the mail and wire fraud claims were based on alleged misrepresentations in the agreement. *Id.* at 234. In *Six v. Generations Federal Credit Union*, a borrower who borrowed money from lenders at interest rates he later alleged were usurious sued non-lender banks, alleging they assisted the lenders in violation of the RICO Act. 891 F.3d 508, 511–12 (4th Cir. 2018). Because the borrower took out the loans pursuant to loan agreements, the banks attached the agreements to the motion to dismiss. *Id.* The Fourth Circuit found that the borrower "could not plausibly dispute that the [agreements] were intrinsic to the complaint," because the complaint "quoted terms and rates" from the loan agreements and alleged

the usurious loans were made pursuant to the agreements. *Id.* at 513.

Unlike in those cases, the document that Marquee attached to its motion to dismiss is not integral to the complaint. Timmer's complaint does not rely heavily upon the terms and effect of the screenshot of an FCC webpage titled "Licensing and Management System." The complaint does not even reference the webpage or anything mentioned on it. The document that Marquee relies on to support its motion to dismiss is not integral to the complaint, and the Court will not consider it.

The sole argument in Marquee's motion to dismiss is that Timmer sued the wrong party, and the sole basis for that argument is the document attached to the motion, which this Court will not consider. Marquee does not claim that Timmer has not stated a copyright infringement claim or offer another ground for dismissal. The motion to dismiss is denied.

## IV.   Conclusion

For the foregoing reasons, Marquee's motion to dismiss is denied. A separate Order follows.

Date: October 31, 2025

Deborah L. Boardman
United States District Judge